IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BAYLOR, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-12-0341 |
| vs. | : |
| | : (Judge Caldwell) |
| PENNSYLVANIA DEPARTMENT OF | : |
| CORRECTIONS, *et al.*, | : |
| | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

In an Amended Complaint, the pro se plaintiff, Troy Baylor, a prisoner housed at SCI-Rockview in Bellefonte, Pennsylvania, set forth a claim that Defendants' use of sexually and racially charged language violated his Eighth Amendment rights. (Doc. 20, Am. Compl.) Presently before the court is Defendants' Motion to Dismiss the Amended Complaint. (Doc. 26, Mot. to Dismiss). Named as defendants are the Pennsylvania Department of Corrections (DOC), DOC Secretary Wetzel and SCI-Rockview Superintendent Lamas. Baylor also names Sgt. Rogers, Corrections Officer (CO) Osborne, CO Bolig and CO Phillips as the officers who verbally abused and harassed him. (*Id.* at ¶¶ 4-9). All defendants are sued in both their individual and official capacities.

For the reasons that follow the Amended Complaint will be dismissed but Baylor will be granted leave to file a second amended complaint, if desired, to allege an Eighth Amendment claim based on sexually harassing conduct and a First Amendment claim of retaliation.

II.     *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8, 127 S.Ct. 1955, 1969 n.8, 167 L.Ed.2d 929 (2007). Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556, 127 S.Ct. at 1966.

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010) (nonprecedential) (quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Fletcher–Harlee Corp. v. Pote*

*Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

With these principles in mind, we set forth the background to this litigation.

III. *Background*

Baylor's Amended Complaint alleges that in or about September 2011, Defendants began "to sexual[ly] harass" him and to make sexually and racially harassing statements to him, causing him pain and suffering. (Am. Compl. ¶ 12). Sgt. Rogers on many occasions told Baylor to "go fuck yourself . . . like these balls in your mouth . . . at one point useing [sic] the N word making racial statements and other harassing name calling." (*Id.* ¶ 13). CO Osborne is reported to have said "these balls you black ass" and told other officers that "Baylor looks like the back of his ass, it looks like his black ass is having a baby." (*Id.* ¶ 14). CO Bolig said to Baylor "you fucking lick these nuts" and "you had these balls for breakfast, then started making racial and homosexual statements as the other officer's kept tormenting and harassing" him. (*Id.* ¶ 15). CO Phillips is alleged to have frequently called Baylor a "fucking dick head, on one occasion an inmate when [sic] to the officers disk [sic] to ask officer Phillips to open my cell door for work officer Phillips told the inmate, tell Baylor to eat a dick he's a pice [sic] of shit, then began making homosexual statements [as] the other officer's harass and attacked plaintiff." (*Id.* ¶ 16).

Baylor used the DOC's "sexual abuse hot line to report[ ] the sexual harassment, the harassment the threats, and racial harassment, plaintiff Baylor presented the facts relating to this complaint. Plaintiff Baylor was sent a response saying that there

-3-

was no evidence to his complaint." (*Id.* ¶ 17). Baylor claims defendants have violated his Eighth Amendment rights by threatening him with "physial [sic] and sexual harassment". (*Id.* ¶ 19). He also claims defendants action were in "retaliat[ion] against plaintiff Baylor". (*Id.*) He seeks monetary and declaratory relief. (*Id.* ¶¶ 21-26).

IV. *Discussion*

A. *Eleventh Amendment Immunity*

At the outset, Defendants argue that any claim for money damages against them in their official capacities are precluded by the Eleventh Amendment of the United States Constitution. (Doc. 27, Mot. to Dismiss Br. at ECF p. 3). The court agrees.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687-88, 121 L.Ed.2d 605 (1993)*; Lombardo v. Pennsylvania*, 540 F.3d 190, 194 (3d Cir. 2008). Suits against state officials in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Furthermore, as the Pennsylvania Department of Corrections is an executive department of the Commonwealth of Pennsylvania, *see* 71 PA. STAT. ANN. § 61, it shares in the Commonwealth's Eleventh Amendment immunity. *Lavia v. Pennsylvania, Dept. Of Corr.,* 224 F.3d 190, 195 (3d Cir. 2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment to be sued in federal court. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *Laskaris v.*

*Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

The Eleventh Amendment, however, does not bar claims for prospective injunctive relief brought against state officials in their official capacities. *See Iles v de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011). It also does not bar a suit for monetary damages against state officials in their *individual* capacities. *See Hafer*, 502 U.S. at 31, 112 S.Ct. at 364-65.

Here, Baylor has sued each defendant in his individual and offiicial capacities. (Doc. 20, Am. Compl. ¶ 10). Accordingly, his claims for monetary damages against Defendants in their official capacities will be dismissed. However, his claim for prospective injunctive relief against Defendants in their official capacities and his claims for monetary damages against Defendants in their individual capacities will proceed.

    B.    *Baylor Fails to State a Plausible Claim for Relief against the Pennsylvania Department of Corrections*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). State agencies such as the DOC are not "persons" subject to liability in § 1983 actions. *Will*, 491 U.S. at 71, 109 S.Ct. at 2312. Furthermore, as previously noted, the DOC, as an executive agency of the Commonwealth of Pennsylvania, is covered under the Commonwealth of Pennsylvania's Eleventh Amendment immunity. *See Lavia*, 224 F.3d at 195.

Although Baylor does not specifically identify the DOC as a defendant in his

Amended Complaint, he did name the agency in the caption. Based on the above-cited case law, Baylor's claims against the DOC will be dismissed because it is shielded by the Commonwealth's Eleventh Amendment immunity and because it is not a "person" subject to suit within the meaning of § 1983. Therefore, the DOC will be dismissed from this action.

### C. *Lack of Personal Involvement of Secretary Wetzel and Superintendent Lamas*

To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988)). Such personal involvement can be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. Likewise, supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 & n. 3 (3d Cir. 1995). A supervisor also may be liable under § 1983 if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct. *See, e.g., Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)(citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id*. He must

-6-

identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

Here Baylor is quite clear about his reasons for including Secretary Wetzel and Superintendent Lamas as defendants. He names them because of their "legal responsibility" for the operation of the agency or SCI-Rockview, in its entirety. (Doc. 20, Am. Compl. ¶¶ 4-5). There are no allegations in the Amended Complaint that suggest that Secretary Wetzel or Superintendent Lamas knew of, participated in, or acquiesced to the alleged conduct of Rogers, Osborne, Bolig or Phillips. It is therefore apparent that he seeks to hold them liable solely on the basis of their supervisory roles as Secretary of the Department of Corrections and Superintendent of SCI-Rockview. He cannot do so. Because he has failed to allege any facts showing that they were personally involved in the underlying claims of verbal harassment, Secretary Wetzel and Superintendent Lamas will be dismissed as parties to this action.

        D.     *Verbal Abuse Is Not Actionable Under Section 1983*

Baylor's Amended Complaint alleges verbal abuse, including verbal abuse that is racial and sexual. Mere verbal abuse, even abuse involving racial or sexual harassment, is not actionable as a civil-rights claim. *Dunbar v. Barone*, 487 F. App'x 721 (3d Cir. 2012)(nonprecedential) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment," also noting that racial harassment by mimicking Ku Klux Klan hoods failed to state a claim ); *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006)(nonprecedential)(inmate claiming correctional officers made racial and sexual comments toward him failed to state an Eighth Amendment claim).

Accordingly, any claim of verbal abuse is meritless.

  E.  *The Claim of Sexual Harassment by Rogers, Osborne, Bolig or Phillips*

  Baylor also appears to allege that Rogers, Osborne, Bolig and Phillips violated his Eighth Amendment rights by subjecting him to conduct that was sexually harassing. (Am. Compl. ¶¶ 12, 17). "[S]exual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment under the Eighth Amendment." *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2nd Cir. 1997); *see also Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)("because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances" give rise to an Eighth Amendment claim).

  The difficulty here is that Plaintiff's allegations of sexual harassment are totally conclusory and, as alleged, fail to state a claim. Baylor must specify if Rogers, Osborn, Bolig or Phillips ever had any physical contact with him, the nature of the contact, and how repetitive the contact was. *See Robinson*, *supra*, 204 F. App'x at 156 ("Robinson does not allege that the remarks and harassment were coupled with actual physical injury."). Baylor will be granted leave to file an amended complaint on this claim.

  F.  *Unspecified Claim of Retaliation*

  To establish a retaliation claim, a prisoner must prove: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him". *Rauser v. Horn*, 241

F.3d 330, 333 (3d Cir. 2001). Although Baylor suggests that the individual corrections officers' actions were retaliatory, he does not specify why they were retaliatory. Specifically, he does not allege that the officers retaliated against him due to his involvement in a protected activity. Therefore, he fails to state a claim of retaliation against the individual officers. However, Baylor will be granted leave to file an amended complaint as to this claim.

    G.    *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this instance, the court believes that any amendment for Baylor's claims against the DOC, Secretary Wetzel or Superintendent Lamas would be futile. However, with respect to Baylor's claims against the individual corrections officers, it is possible that the deficiencies noted above may be remedied by amendment. Thus, Baylor will be granted twenty-one days to file a second amended complaint. If Baylor decides to file a second amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Second Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Baylor is advised that any second amended complaint he may file supersedes the original complaint and his amended complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the amended complaint which are not

alleged in the second amended complaint are waived.

Baylor is also advised that his second amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim. Baylor's failure to file an appropriate second amended complaint within the required time will result in the dismissal of this action.

H. *Baylor's Motion for a Temporary Restraining Order*

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). Since the court has decided that the Amended Complaint fails to state a claim, there is no basis to award injunctive relief. Thus, Baylor's motion for injunctive relief will be denied.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 11, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BAYLOR, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-12-0341 |
| vs. | : |
| | : (Judge Caldwell) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
| Defendants | : |

*O R D E R*

AND NOW, this 11th day of February, 2013, in accordance with the accompanying memorandum, it is ordered that:

    1. Defendants' motions (Docs. 18 and 26) to dismiss the amended complaint are granted.

    2. Within twenty-one (21) days from the date of this order, Plaintiff may file a second amended complaint in this action in accordance with the foregoing Memorandum.

    3. The Clerk of Court shall forward to Plaintiff two (2) copies of this court's prisoner civil-rights complaint form which Plaintiff shall use in preparing any amended complaint he may file.

    4. Failure to file an amended complaint as directed within the required time will result in the dismissal of this action.

    5. Baylor's Motion for Temporary Restraining Order, Motion for Preliminary Injunction (Doc. 31) is denied.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge