IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BAYLOR, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-12-0341 |
| | : (Judge Caldwell) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

In a second amended complaint, the *pro se* plaintiff, Troy Baylor, an inmate at SCI-Rockview in Bellefonte, Pennsylvania, alleges two civil-rights claims, an Eighth Amendment claim for being sexually harassed by the defendant correctional officers, and a retaliation claim for filing a lawsuit against a non-defendant prison employee a year earlier. Named as defendants are the following Pennsylvania Department of Corrections (DOC) employees who work at SCI-Rockview: Sgt. Rogers, Corrections Officer (CO) Bolig, CO Phillips and CO Osborne. The four defendants are sued in both their individual and official capacities.

We are considering Defendants' motion to dismiss and Plaintiff's motion to dismiss the Defendants' motion to dismiss. For the reasons that follow, Defendants' motion will be granted, the Second Amended Complaint will be dismissed without leave to amend, and Plaintiff's motion to dismiss the motion to dismiss will be denied.

II.     *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Dev. Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008)(citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston,* 363 F.3d at 235-36.

III.   *Background*

   A.   *Procedural History*

In his original complaint, Baylor sued the four correction officers and the Pennsylvania Department of Corrections. His complaint primarily focused on verbal harassment by the defendants but hinted that he had been physically assaulted as well. (*Id.*) Defendants filed a motion to dismiss. When Baylor filed an Amended Complaint, Defendants' motion to dismiss was denied without prejudice.

In his Amended Complaint, Baylor not only named the original defendants, but added the Secretary of the Pennsylvania DOC and the Superintendent of SCI-Rockview as defendants. (Doc. 20, Am. Compl.) Again, Baylor alleged that the four individual defendants had violated his Eighth Amendment rights by using sexually and racially charged language against him. (*Id.*) He also averred that they had violated the Eighth Amendment by subjecting him to conduct that was sexually harassing. Finally, he averred the four defendants threatened him with physical harm in retaliation for unspecified reasons. (*Id.*)

Defendants filed a motion to dismiss the Amended Complaint. On February 11, 2013, the court granted the motion. *Baylor v. Pa. Dep't of Corr.*, 2013 WL 521957, at *6 (M.D. Pa.)(Caldwell, J.). However, Plaintiff was granted leave to file a second amended complaint to reassert the sexual harassment claim and the retaliation claim against the individual defendants if he could cure the defects in those claims. (*Id.*).

Baylor filed a Second Amended Complaint, and the individual defendants filed a motion to dismiss. Instead of filing an opposition brief, Baylor filed a motion to dismiss the motion to dismiss.

### B. Allegations of the Second Amended Complaint

Baylor alleges the events complained of took place while he was living on the A housing Unit between August 14 and September 5, 2011, where all four defendants worked. On one occasion, CO Phillips called Baylor a "fucking dick head" when he asked the officer to open his cell door so he could leave for work. (Doc. 49, ECF P. p. 2). CO Phillips is alleged to have told another inmate to tell Baylor that "he's a piece of shit," and a "gay ass homosexual." (*Id.*, ECF P. p. 3). Sgt. Rogers is alleged to have repeatedly told Baylor to "go fuck himself, how about these balls of mind (sic) in your mouth." (*Id.*, ECF P. pp. 8-9). CO Osborne stated that Baylor's face looks "like the back of my ass it looks like his black ass is having a baby." (*Id.*, ECF P. p. 9). Baylor also claims CO Osborne asked whether he ever had sex with a man and questioned whether he would perform fellatio on him. (*Id.*) CO Bolig told Baylor to "lick his nuts." (*Id.*) He made comments like "you had these balls for breakfast," and that "all n--gers your age [are] gay homosexual[s]." He too said he would like Baylor to perform sexual acts for him. (*Id.*)

Baylor used the DOC's sexual abuse hotline to report "the sexual harassment" by Sgt. Rogers, CO Osborne, CO Bolig, and CO Phillips. (*Id.*, ECF P. p. 2). DOC officials removed Baylor from the A housing unit and moved him to another area of SCI-Rockview "so that he would not have further contact" with them. (*Id.*, ECF P. p. 6). However, Baylor reports he still had contact "with the defendants on the walks" in the compound. (*Id.*) Slightly over a month after these events, Baylor encountered Sgt. Rogers and CO Osborne walking together. (*Id.*) They both looked at Baylor "and said something." (*Id.*) "This was done repetitive[ly] by all four defendants." (*Id.*)

-4-

Baylor claims the defendants' sexual harassment was also in retaliation for his filing of a lawsuit in 2010 against a non-defendant SCI-Rockview correction officer for events that transpired while he lived on a different housing unit, D unit. (*Id.*, ECF P. p. 3). Baylor additionally claims that now, "every time" he goes to get his legal mail, "other officers question [him] . . . saying things like I hope you are not [suing] me." (*Id.*, ECF P. p. 6). However, Baylor does not identify any of the named defendants as taking part in these recurrent remarks.

IV.   *Discussion*

    *A.   Baylor's Eighth Amendment Claims of Sexual Harassment against Rogers, Osborne, Bolig and Phillips Fail Because the Alleged Harassment Was Merely Verbal*

The defendants argue that Baylor's claims of verbal harassment must be dismissed absent any allegations of actual physical contact of a sexual nature. (Doc. 51, Def.'s' Mot. to Dismiss Br., ECF P. p. 3). They also argue Baylor fails to state a claim of retaliation. (*Id.*) In opposition, Baylor clarifies that he is not raising any claims of verbal abuse in his second amended complaint but that he is pursuing a claim of sexual harassment as well as a claim for retaliation. (Doc. 48, Pl.'s Br., ECF P. p. 2). He claims he does allege "physical conduct of sexual harassment" as the defendants "ask him for sexual favors." (*Id.*)

As we noted in our previous memorandum, 2013 WL 521957, at *4, verbal harassment of a prisoner, although deplorable, does not, standing alone, violate the Eighth Amendment. *Dunbar v. Barone,* 487 F. App'x 721 (3d Cir. 2012) (nonprecedential) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the

Eighth Amendment," also noting that racial harassment by mimicking Ku Klux Klan hoods failed to state a claim); *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) (nonprecedential)(inmate claiming correctional officers made racial and sexual comments toward him failed to state an Eighth Amendment claim).

We had given Plaintiff an opportunity to file a second amended complaint because we thought it was possible that he might be able to allege something more than just verbal sexual harassment. Despite his argument to the contrary, he has not done so. Baylor alleges that two of the officers, Rogers and Philips, used racial and profane language toward him. He alleges that the other two, Bolig and Osborne, asked him to perform specific sexual acts for them. While the behavior alleged is reprehensible, it does not rise to the level of an Eighth Amendment violation. *See Zullinger v. York Cnty. CCC Halfway House*, No. 10-CV-1450, 2013 WL 2434585, at *7 (M.D. Pa. June 3, 2013)(correctional officer's comment on the size of a prisoner's genitalia was deplorable but did not violate the Eighth Amendment as it was only verbal harassment)(citing *Robinson*, *supra*).

Our conclusion is consistent with case law outside the Third Circuit. *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006)("a female guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimus* injury"); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998)(allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state an Eighth Amendment claim); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)(Eighth Amendment is violated when an inmate endures verbal sexual harassment from prison guards plus physical sexual

assault or threats of physical sexual assault); *Howard v. Everett*, 208 F.3d 218, 2000 WL 268493, at \*1 (8th Cir. 2000)(nonprecedential table decision)("sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain"); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment"); *Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005)(nonprecedential)(holding that allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002)(allegations that prison guard asked inmate to have sex with her and to masturbate in front of her did not rise to level of Eighth Amendment violation), *overruled on other ground in Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

As Baylor was previously told what at a minimum had to be included in a proper complaint alleging sexual harassment by a corrections officer, 2013 WL 521957, at \*4, and he still failed to do so, granting him leave to file yet another amended complaint as to these claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). For these reasons, Baylor's claims of sexual harassment will be dismissed without leave to amend.

B. *Baylor's Retaliation Claim*

To prevail on a retaliation claim, a prisoner must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). "The mere fact that an

adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events." *Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005)(nonprecedential); *see also Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003)(concluding that the temporal proximity, nearly six months, is not unduly suggestive and does not sufficiently establish any causal link). Once a prisoner establishes a prima facie case, the burden shifts to the defendant to show by a preponderance of the evidence that the same disciplinary action would have been taken even in the absence of protected activity. *Rauser*, 241 F.3d at 334.

Baylor suggests the defendants sexually harassed him in retaliation for a 2010 state lawsuit he filed against a non-defendant who works on a different housing unit than the defendants. Undoubtedly, the filing of a lawsuit is constitutionally protected activity, *see Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981), and the sexual harassment of an inmate by a corrections officer would constitute an adverse action. Assuming that Baylor could satisfy the first two elements necessary to establish a prima facie retaliation case, we agree with defendants that he has failed to establish the necessary causal link between his 2010 lawsuit and the defendants alleged sexual harassment. First, none of the present defendants were named in Baylor's 2010 action. Next, the 2010 lawsuit involved events that took place on Baylor's former housing unit, D Unit. Also, the temporal proximity between Baylor's filing of his lawsuit in 2010, and the defendants' actions in August-September 2011, is not unduly suggestive of a retaliatory

motive between the filing of his action and the defendants' activities. Accordingly, Baylor fails to set forth a prima facie case of retaliation.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 13, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BAYLOR, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-12-0341 |
| | : (Judge Caldwell) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
| Defendants | : |

## *O R D E R*

AND NOW, this 13th day of September, 2013, in accordance with the accompanying memorandum, it is ordered that:

    1. Defendants' motion (Doc. 50) to dismiss the second amended complaint (Doc. 49) is granted.

    3. Defendants' motion (Doc. 44) to dismiss the second amended complaint is dismissed as moot.

    3. Plaintiff's motion to dismiss defendants' motion to dismiss (Doc. 47) is denied.

    4. The Clerk of Court shall close this file.

                                     /s/ William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge